IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02151–CMA–KMT

BRIAN WOODS, individually, and d/b/a Log and Timber Homes of Southern Colorado,

    Plaintiff,

v.

PROBUILDERS SPECIALTY INSURANCE COMPANY, and
NATIONSBUILDERS INSURANCES SERVICES, INC., d/b/a NBIS,

    Defendants.

## **ORDER**

This matter is before the court on Plaintiff's "Motion to Amend Complaint to Add a Claim for Punitive Damages" (Doc. No. 99 [Mot.], filed April 22, 2013). Defendants filed their response on May 13, 2013 (Doc. No. 101 [Resp.]), and Plaintiff filed his reply on June 7, 2013 (Doc. No. 107 [Reply]). This matter is ripe for ruling.

### **I.  Background**

This case arises out of an alleged breach of contract, bad faith breach of insurance contract, and violation of Colo. Rev. Stat. §§ 10-3-1115 and 1116. (Doc. No. 2.) Plaintiff asserts that the defendants' denial of a defense to Plaintiff was willful, wanton, and reckless. (Mot. at 11.) Plaintiff argues that the Defendants' entire course of conduct suggests that Defendants consciously disregarded Plaintiff's interest and deliberately favored its own. (*Id.*)

Defendants oppose this motion on the basis that (1) the evidence does not support Plaintiff's argument that Defendants willfully, wantonly and recklessly denied a defense to Plaintiff; and (2) Plaintiff's reliance on this lawsuit as evidence of willful and wanton conduct is flawed. (Resp. at 7–14.)

## II.  Claim for Exemplary Damages

In his motion, Plaintiff argues the evidence in the case supports a *prima facie* case of willful and wanton conduct and seeks to amend his complaint to assert a claim for punitive damages pursuant to Colo. Rev. Stat. § 13-21-102. (*See* Mot.) Plaintiff argues the defendants deliberately seized on an ambiguous and conclusory legal allegation contained in the complaint to deny a defense while failing to acknowledge known evidence triggering a defense. (Mot. at 11–12.) Specifically, Plaintiff alleges Defendants "seized on the sole allegation that Mr. Thilquist was Woods' employee." (*Id.* at 12.) Plaintiffs argue that, based on the face of the complaint alone, Defendants knew there was an inherent and unavoidable possibility that Mr. Thilquist would be adjudged something other than an employee. (*Id.*) Additionally, Plaintiff argues, the claim file was overflowing with evidence indicating Mr. Thilquist was an independent contractor. (*Id.* at 13.)

Defendants argue Plaintiff's claim that the defendants' investigation revealed Mr. Thilquist was an independent contractor and that they came to this conclusion before they denied Plaintiff's claim is untrue. (Resp. at 8.)

In Colorado, exemplary or punitive damages are available only by statute. The Colorado general exemplary damages provision, Colo. Rev. Stat. § 13-21-102(1.5)(a), states as follows:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

Exemplary or punitive damages are only appropriate if "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b). Thus, in order for an amendment seeking exemplary damages to be proper, the Court must find Plaintiff establishes *prima facie* proof of a triable issue that Defendants purposefully behaved in a reckless manner "without regard to consequences, or of the rights and safety" of Plaintiff.

"The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. Dist. Court in & for the City and Cnty. of Denver*, 619 P.2d 768, 771 (Colo. 1980). Plaintiff must articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution," in order to demonstrate the requisite prima facie proof of a triable issue. *Id.*

In his Reply, Plaintiff argues that nearly every piece of information in Defendants' possession suggested that a defense was owed to Plaintiff. (Reply at 2.) Upon a review of the

evidence and the parties' arguments, the court finds that Plaintiff presents *prima facie* proof that a triable issue of willful or wanton conduct exists.  The exhibits attached by Plaintiff to his Motion and Reply (*see* Reply at 2–5) demonstrate to the court that, at the least, a factfinder should have the opportunity to decide whether Defendants' alleged conduct rises to the level of willful and wanton conduct.[1]  Pursuant to the standard prescribed by Colo. Rev. Stat. § 13-21-102, the court finds Plaintiff establishes *prima facie* proof of a triable issue of exemplary damages.

The court emphasizes to the parties that this order does not address the merits of awarding exemplary damages, nor does this order pre-adjudicate the alleged culpability of Defendants.  The Court simply recognizes that Plaintiff's claim is properly supported with evidentiary materials and should be permitted to proceed as a triable issue.

Therefore, it is **ORDERED** that Plaintiff's "Motion to Amend Complaint to Add a Claim for Punitive Damages" (Doc. No. 99) is **GRANTED**.  The Clerk shall file "Plaintiff's Second Amended Complaint and Jury Demand" (Doc. No. 99-4).

Dated this 30th day of September, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] The court cannot recite to the specific evidence referred to by Plaintiff because the Reply and its exhibits are under restriction at Level 1 pending further Order by District Judge Christine M. Arguello.  (*See* Doc. Nos. 107, 110.)