IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-02151-CMA-KMT

BRIAN WOODS, individually, and
d/b/a LOG AND TIMBER HOMES OF SOUTHERN COLORADO,

    Plaintiff,

v.

NATIONBUILDERS INSURANCE SERVICES, INC. d/b/a NBIS, and
PROBUILDERS SPECIALITY INSURANCE COMPANY,

    Defendants.

## ORDER GRANTING MOTION TO STRIKE

This matter is before the Court on Plaintiffs' Motion to Strike Defendants' Affirmative Defenses.  (Doc. # 151.)  Defendants responded to the motion, (Doc. # 157), and Plaintiff's replied, (Doc. # 159).  For the following reasons, Plaintiffs' motion is granted.

### I. BACKGROUND

On July 5, 2011, Plaintiffs filed their complaint in state court.  (Doc. # 2.) Defendants removed the case to this Court on August 17, 2011.  (Doc. # 1.) Defendants have previously sought leave to amend their answers to add an advice of counsel defense, and the Court denied that request on March 15, 2013.  (Doc. # 95.) The discovery cutoff deadline was August 8, 2013.  (Doc. # 98.)  On September 30, 2013, the Court granted Plaintiff's request to amend its complaint to add a prayer for

relief requesting an award of punitive damages. (Doc. # 141.) On October 14, 2013, Defendants filed their answers to the amended complaint and included two new affirmative defenses: (1) reliance on the advice of counsel, and (2) material misrepresentation in the application for insurance. (Doc. ## 148, 149.) In the instant motion, Plaintiff moves to strike those defenses as improper absent leave this Court or consent from Plaintiffs. (Doc. # 151.) Defendants respond that pleading the additional defenses was not improper, but in the alternative ask for leave from this Court to amend their answers. (Doc. # 157.)

## II. DISCUSSION

### A. PLAINTIFFS' MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 15(a)(2), if a party may no longer file an amended pleading as a matter of course, then a party must seek leave of the court or written consent to amend from the opposing party. As both parties point out, there is no binding authority on whether this Court should employ what has been called the "permissive, narrow, or moderate" position to whether a defendant must seek leave of court to add an affirmative defense. *See Hydro Eng'g, Inc. v. Petter Investments, Inc.*, 2:11-CV-00139-RJS, 2013 WL 1194732, *2 (D. Utah Mar. 22, 2013) (discussing permissive, narrow, or moderate positions with regard to amending counterclaims). However, persuaded by the well-reasoned analysis and thorough review of the relevant case law, this Court joins the *Hydro Engineering* Court and holds that the moderate approach strikes the appropriate balance between the narrow and permissive approaches. *See id.* at *2-3 (adopting moderate approach and collecting cases).

Indeed, "[i]f every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation." *EEOC v. Morgan Stanley & Co., Inc.,* 211 F.R.D. 225, 227 (S.D.N.Y. 2002).

Under the moderate approach, courts permit counterclaims or affirmative defenses when a plaintiff files an amended complaint which changes the theory or scope of the case. *Tralon Corp. v. Cedarapids, Inc.,* 966 F. Supp. 812, 832 (N.D. Iowa 1997) *aff'd*, 205 F.3d 1347 (8th Cir. 2000). In such circumstances, "the defendant is allowed to plead anew as though it were the original complaint filed by the Plaintiff. . . . The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a [defendant] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim." *Id.; see also Morgan Stanley,* 211 F.R.D. at 227 (applying moderate approach to defendant's attempt to add an affirmative defense).

In the instant case, Plaintiffs' amendment added a prayer for punitive damages related to its original claim for bad faith. (Doc. ## 99; 142.) But, this amendment did not change the theory of the case or expand the scope of its claims. *See Vista Eng'g Technologies, LLC v. Premier Tech., Inc.*, CV 09-00008-E-BLW, 2010 WL 2103960 (D. Idaho May 25, 2010) (adding prayer for punitive damages does not change the theory of the case or expand the scope of the claims). Plaintiff requested compensatory damages at the outset of this case, and it merely added an additional form of damages

3

following a favorable verdict at trial.  Under Colorado law, Plaintiffs were not permitted to request punitive damages in its initial complaint.  See Colo. Rev. Stat. § 13-21-102(1.5)(a) ("a claim for exemplary damages . . . may not be included in any initial claim for relief.)  Yet, Plaintiffs consistently placed Defendants on notice that they intended to seek punitive damages.  See (Doc. ## 15, at 10; 65, at 4).  Moreover, Plaintiffs have not asserted additional material facts and instead merely characterize the previously asserted facts as "attended by circumstances indicating willful and wanton conduct." (Doc. # 142, at 4.)  Thus, Defendants are not forced to respond to an entirely new cause of action or theory of recovery.  Accordingly, Defendants were required to seek leave from this Court prior to amending their answers to include additional affirmative defenses and their answers are stricken on that basis.

**B.     DEFENDANTS' MOTION FOR LEAVE TO AMEND**

In the alternative, Defendants argue that if they may not amend their counterclaim as of right, then they are entitled to leave of court to do so.  Typically, this Court will not entertain motions made in a response.  See D.C.COLO.LCivR 7.1(III)(d). However, because trial is scheduled in two weeks and in the interest of judicial economy, the Court will make an exception in this instance.  Nonetheless, the Court limits this discussion to whether Defendants may amend their answers to include the material misrepresentation defense because their request to amend their answers to include the advice of counsel defense has already been denied (Doc. # 95), and this Court will not revisit that determination.

"Where a party seeks to amend its pleadings after the deadline for such amendments set forth in the scheduling order, the Tenth Circuit has not definitively stated whether the 'good cause' standard of Federal Rule of Civil Procedure 16(b) to modify the scheduling order must be met." *Avon v. Kent Denver Sch.*, No. 12-cv-2546-WJM-CBS, 2014 WL 85287, *2 (D. Colo. Jan. 9, 2014) (citing *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)). However, the majority of courts have held that the party must meet the two-part test of first showing good cause to amend the scheduling order under Rule 16(b), and that an amendment should be allowed under Rule 15(a). *Id.* (citing *Bylin*, 568 F.3d at 1231) ("Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated. . . . This circuit, however, has not ruled on that question in the context of an amendment to an existing pleading.")).

Because Defendants filed their motion after the deadline for amending pleadings, the Court employs the two-step analysis. First, the Court must determine whether Defendant has shown good cause to modify the Scheduling Order under Fed. R. Civ. P. 16(b). Then, the Court must evaluate whether Defendants have satisfied the standard for amendment of pleadings under Fed. R. Civ. P. 15(a). District courts are "afforded wide discretion" to apply the "good cause" standard. *Bylin*, 568 F.3d at 1231 (discussing Rule 16).

Under Rule 16(b)(4), the scheduling order "may be modified only for good cause and with the judge's consent," requiring the moving party to show that a deadline

"cannot reasonably be met despite the diligence of the party seeking the extension."

Fed. R. Civ. P. 16, advisory committee's note.  Another court has explained,

> Rule 16(b)'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.

*Carriker v. City & Cnty. of Denver, Colo.*, No. 12-CV-02365-WJM-KLM, 2013 WL 2147542 (D. Colo. May 16, 2013).

In the instant case, Defendants have failed to establish good cause because they have not provided any reason why they could not have reasonably met the deadline to amend despite their diligence.  While the Court could deny Defendants' motion on that basis alone, it also finds that Defendant has not established good faith under the less-stringent Fed. R. Civ. P. 15.  While Rule 15 instructs courts to "freely give leave when justice so requires," a Court may refuse such leave upon a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

Here, unwarranted delay is manifest.  Defendants have failed to offer any reason why they failed to plead material misrepresentation as an affirmative defense or to seek leave to amend before this late date.  And, as Magistrate Judge Tafoya found a year ago when she ruled on Defendants' initial motion to amend, a late amendment would

6

prejudice Plaintiffs. To permit the addition of this new defense now that the period for discovery has long expired and trial is imminent would unfairly prejudice plaintiffs by requiring them to respond to defense they had yet to take discovery on. Thus, Defendants' motion, contained in its response, is denied insofar as it seeks leave to add a new defense.

### III. CONCLUSION

Based on the foregoing, it is ORDERED that:

1. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses (Doc. # 151) is GRANTED.

2. Defendants' Answers (Doc. ## 148, 149) are STRICKEN. The Court DIRECTS Defendants to refile their Answers by **March 28, 2014.**

3. Defendants' Motion to Amend their Answer, contained in their response (Doc. # 157) is DENIED.

4. In light of the Court's determination that Defendants will not be permitted to raise an advice of counsel defense, Plaintiff's Motion in Limine Regarding Advice of Counsel (Doc. # 165) is DENIED AS MOOT.

DATED: March 24, 2014

                BY THE COURT:

                _____
                CHRISTINE M. ARGUELLO
                United States District Judge