IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-02151-CMA-KMT

BRIAN WOODS, individually, and
d/b/a LOG AND TIMBER HOMES OF SOUTHERN COLORADO,

   Plaintiff,

v.

NATIONBUILDERS INSURANCE SERVICES, INC. d/b/a NBIS, and
PROBUILDERS SPECIALITY INSURANCE COMPANY,

   Defendants.

## ORDER GRANTING MOTION IN LIMINE

This matter is before the Court on the Motion in Limine Regarding Underlying Defense and Arbitration filed by Brian Woods d/b/a Log and Timber Homes of Southern Colorado ("Woods"). (Doc. # 162.) Defendants Nationbuilders Insurance Services, Inc. d/b/a NBIS, and Probuilders Specialty Insurance Company (collectively "ProBuilders") responded to the motion on March 21, 2014. (Doc. # 170.) For the following reasons, Plaintiffs' motion is granted.

### I. BACKGROUND

In April of 2007, Plaintiff contracted with Arthur Thilquist Construction LLC ("Thilquist Construction") to provide services related to the construction of a log and timber single-family home, on a property owned by Haythem and Melissa Dawlett ("the Dawletts"). (Doc. # 2, ¶ 10; Doc. # 47-1 at 1.) On June 5, 2007, Arthur Thilquist

("Thilquist") passed away from injuries he sustained the day before while working on construction on the Dawletts' home. (Doc # 16 at 3, ¶ 1.) On June 3, 2009, Thilquist's estate filed a complaint against Woods, *Mailly, et al. v. Brian Woods, et al.*, Case No. 2009CV99, in the District Court, Gunnison County, Colorado. (Doc. # 16-3.) By letter dated July 8, 2009, ProBuilders denied coverage to Woods of any claim relating to Thilquist's death. (Doc. # 16-5 at 1-2.) In approximately June of 2011, Woods entered into a settlement agreement with Thilquist's estate in the underlying case, whereby Woods agreed to arbitrate the issue of damages in the underlying case and enter the arbitrator's award as a judgment in the lawsuit. (Doc. # 16 at 5, ¶ 12.) After the arbitrator awarded Thilquist's estate $2,085,953.25, the state court confirmed the award and entered it as a judgment on August 2, 2011. (Doc. # 16-8 at 2.)

Meanwhile, on July 5, 2011, Woods initiated the instant lawsuit, claiming that ProBuilders breached its contract with Woods by failing to defend him in the state suit. Woods also asserted claims of bad faith breach of insurance contract and unreasonable delay or denial of payment of a claim for benefits owed. (Doc. # 2.) On September 27, 2012, this Court granted Wood's motion for partial summary judgment, finding that ProBuilders had a duty to defend Woods. (Doc. # 60.)

## II. DISCUSSION

As a threshold matter, ProBuilders ask that Woods's motion in limine be construed as a motion for summary judgment and denied as untimely. The Court disagrees that the relief requested in Woods's motion is inappropriate for a motion in limine.

Woods argues that ProBuilders waived their right to challenge Woods's defense of the underlying case and seeks to limit evidence pertaining to his defense. ProBuilders argues that it may submit evidence consistent with its affirmative defenses that the underlying judgment was unreasonable or a product of collusion. The Court acknowledges that Colorado courts allow an insurer to contest a stipulated judgment as unreasonable and the product of collusion or fraud. *See, e.g., Nunn v. Mid-Century Ins. Co.*, 244 P.3d 116, 123 (Colo. 2010). *DC-10 Entm't, LLC v. Manor Ins. Agency, Inc.*, 308 P.3d 1223, 1227 (Colo. App. 2013); *Flatiron Co. of Boulder v. Great Southwest Fire Ins. Co.*, 812 P.2d 668, 671 (Colo. App. 1990).

However, this does not end the Court's inquiry. Woods also alleges that ProBuilders "refused to provide factual basis for the collusion defense" (Doc. # 162, at 19) and "refused to provide the factual basis for its reasonableness challenge" (*id.*, at 17) during discovery. To learn the grounds for this defense, Woods propounded a 30(b)(6) deposition requiring ProBuilders to produce a witness with knowledge of the facts and circumstances underlying this defense. In response, ProBuilders produced Sherrianne Hanavan for a Rule 30(b)(6) deposition in which she, on behalf of ProBuilders, refused to provide the requested information by invoking the attorney-client privilege when asked about the basis for these defenses:

Q: Does ProBuilders contend that this damages award is unreasonable?

A: Yes.

Q: Why?

A: Those reasons were discussed with counsel.

>   Mr. Patterson: Okay. Then I'll interpose the attorney-client privilege then.
>
>   Q:   Okay. And I'm not asking for communications between you and counsel or anything like that. Is there any factual information that you can provide to me that supports your – the company's position that this arbitration award is somehow unreasonable separate and apart from any communications that you may have had – with your counsel?
>
>   A:   Not that I can discuss because the issues have been discussed with counsel as a part of the strategy of the case.

Woods argues that attorney-client privilege does not apply and therefore, ProBuilders should be precluded from offering evidence pursuant to Fed. R. Civ. P. 37(c). ProBuilders replies simply that "the Rule 30(b)(6) witness's entire knowledge of Defendants' affirmative defenses came from that which was told to her by counsel. As a result, her entire knowledge of these facts was counsel's own work product." (Doc. # 170 at 7.) However, this does not address ProBuilders' obligation pursuant to Rule 26 to disclose "the name . . . of each individual likely to have discoverable information— along with the subjects of that information— that the disclosing party may use to support its claims or **defenses** . . . ." Fed. R. Civ. P. 26. (a) (emphasis added).

Where a party fails to comply with Rule 26, the opposing party has recourse in Rule 37, which provides, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Tenth Circuit has identified four factors that courts consider in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial

4

disruption; and (4) the erring party's bad faith or willfulness.  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1).  *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

      Even after being requested by Woods to identify witnesses and facts that would support its affirmative defense, ProBuilders apparently failed to disclose this information to Woods.  In its briefing, ProBuilders fails to identify for this Court any specific document or witness that evidences its compliance with its Rule 26 obligations.  Moreover, ProBuilders makes no argument as to why it was substantially justified in failing to comply with Rule 26, and such conduct does not appear to be justifiable, much less substantially justified in this case.  Trial is scheduled to begin in less than two weeks.  This Court has reviewed the Final Pretrial Order and has no idea what witness or witnesses identified by ProBuilders in the Final Pretrial Order would testify as to these issues or as to what the testimony would be.  ProBuilders' failure to comply with its Rule 26 obligations and its refusal to allow its Rule 30(b)(6) witness to substantively answer all questions related to this affirmative defense has deprived Woods of the ability to conduct discovery into the factual basis for  this affirmative defense.  The failure to disclose this evidence is not harmless and, should the Court allow ProBuilders to offer testimony of any witnesses as to this defense, Woods will suffer prejudice due to ProBuilders' failure to disclose this information or follow up the Rule 30(b)(6) deposition with information compliant with Woods's questions.  Because trial is scheduled to begin in less than two weeks, disclosure by ProBuilders at this late date would not cure such

prejudice. Under these circumstances, the Court finds that, pursuant to Fed. R. Civ. P. 37(c)(1), ProBuilders is precluded from introducing any information that should have been, but was not, disclosed as support for this defense. Furthermore, ProBuilders is precluded from having any witness testify as to this defense.

Based on the foregoing, it is ORDERED that Plaintiff's Motion in Limine Regarding Underlying Defense and Arbitration (Doc. # 162) is GRANTED to the extent set forth in the prior paragraph.

DATED: March 27, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge